IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DARYL BARNES AND DEMEATRICE       §
GOFF,                             §
                                  §
          Plaintiffs,             §
                                  §
VS.                               §    CIVIL ACTION H-11-124
                                  §
JACQUELINE ALEXANDER, ET AL.,     §
                                  §
          Defendants.             §

### OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced action are (1) *pro se* Plaintiff Demeatrice Goff's application to proceed in district court without prepaying fees or costs (instrument #5), (2) Plaintiffs Demeatrice Goff and Daryl Barnes's motion to reinstate and set aside dismissal(#8), and United States Magistrate Judge Frances Stacy's memorandum and recommendation that Demeatrice Goff's claims be dismissed under 28 U.S.C. § 1915(e)(2)(B).

This Court previously dismissed the claims of Daryl Barnes' claims under 28 U.S.C. § 1915(e)(2)(B)(ii)[1] (#3) on the grounds that he lacked standing to sue on behalf of his wife, Plaintiff Demeatrice Goff, and he had failed to state a claim under 42 U.S.C. § 1983 for which relief could be granted.

The magistrate judge, relying on the original complaint, found

_____

[1] Section 1915(e)(2)(B)(ii) allows the Court to dismiss an *in forma pauperis* complaint where it fails to state a claim for which relief may be granted.

-1-

that while Plaintiff Goff's motion "may demonstrate that she is indigent," she has stated the same claims as her husband, which this Court determined failed to raise a claim of entitlement to relief.  Judge Stacy therefore recommended her claims be dismissed and her application to proceed without prepaying fees or costs be denied as moot.  No objections have been filed to the Magistrate Judge's memorandum and recommendation.

This Court observes that § 1915(e)(2)(ii) only applies to *in forma pauperis* complaints and thus cannot apply to Demeatrice Goff unless she is permitted to proceed as an indigent.  Moreover, Daryl Barnes and Demeatrice Goff have filed an amended complaint (#6), which Judge Stacy does not appear to have addressed, and a motion to reinstate their case (#8).  Because she shows cause, the Court will grant Demeatrice Goff's application to proceed *in forma pauperis* and examine these last two instruments.

The amended complaint, asserting false arrest, false imprisonment, conspiracy, malicious prosecution and "other claims," like the first, clearly fails to state an actionable claim under § 1983 and Federal Rules of Civil Procedure 8(a) and 12(b)(6).[2]  It

---

[2] Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"), *citing Twombly*, 127 S. Ct. at 1974). *See also Alpert v. Riley*, No. H-04-CV-3774, 2008 WL 304742, *14 (S.D. Tex. Jan. 31, 2008). "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009). Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.

Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," and only a complaint that states a plausible claim for relief survives a motion to dismiss," a determination involving "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1940. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b). *Iqbal*, 129 S. Ct. at 1949. The plaintiff must plead specific facts, not merely conclusory allegations, to avoid

provides no factual allegations in support of its conclusory, bare-bones statements.

Moreover the motion to reinstate offers no tenable reason for this Court to do so.

Thus the Court

ORDERS the following:

(1) Demeatrice Goff's application to proceed in district court without prepaying fees or costs (instrument #5) is GRANTED;

(2) Plaintiffs' motion to reinstate  and set aside dismissal(#8) is DENIED; and

(3) Plaintiffs' amended complaint (#6) is DISMISSED WITH PREJUDICE for failure to state a claim.

**SIGNED** at Houston, Texas, this  27th  day of  June , 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

dismissal. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).